UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:06-CV-364-OC-10GRJ

CINDY McGOUGH, as Personal
Representative of the Estate of
HERMAN B. TUCKER, deceased,

    Plaintiff,

v.

MARION COUNTY, ED DEAN, individually
and in his official capacity as Sheriff of
Marion County; FRED LATORRE, individually
and in his official capacity; PAUL LAXTON,
individually and in his official capacity, KEVIN
DAHMEN, in his individual capacity; PRISON
HEALTH SERVICES, a foreign corporation;
JOHNNIE GALLEMORE; DENISE FOX;
DANA EWELL; ANTENEH ADDISU; AARON
SCOGGINS; and ALBERT WILLISON,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO REMAND**

The Plaintiff, by and through undersigned counsel, moves the Court to remand this action to the Florida state court from which it was removed. For grounds, Plaintiff states that this Court's grant of summary judgment on all the federal claims leaves only a single state law claim that was pendent to those federal claims. Once

all federal claims which gave rise to federal jurisdiction have been adjudicated prior to trial—leaving only pendent state tort claims better decided by state courts—federal courts generally should remand the case to the state court from which it was removed. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)(rejecting argument that dismissal of remaining state law claims was only permissible alternative). "Because in some circumstances a remand of a removed case involving pendent claims will better accommodate these values than will dismissal of the case, the animating principle behind the pendent jurisdiction doctrine supports giving a district court discretion to remand when the exercise of pendent jurisdiction is inappropriate." *Id.*

In a case involving the suicide death of a county jail prisoner brought under 42 U.S.C. § 1983 and state tort law against the Sheriff of Monroe County, the district court directed a verdict in favor of the Sheriff on all counts at the close of the plaintiff's case-in-chief. On appeal the Eleventh Circuit affirmed the dismissal of the 1983 claim, but reversed the dismissal of the state tort claim, noting that the district judge should consider remanding that tort claim to the Florida state court:

> On remand, the district court should consider whether to continue to exercise supplemental jurisdiction over Cook's state law vicarious liability negligence claim, which is all that remains in this case. Because no basis for original federal jurisdiction presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction.

> *See* 28 U.S.C. § 1367(c)("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."); *see also, e.g.*, *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002)(observing that whether to continue to exercise supplemental jurisdiction is a decision that "should be and is vested in the sound discretion of the district court"). In making this decision, the court "should take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Lewis*, 260 F.3d at 1267 (citations and internal quotation marks omitted). Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, Cook's remaining claim should be remanded to state court. *See id.*

*Cook v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005).

Counsel for Plaintiff Karen Gievers spoke with counsel for Defendant, John M. Green, Jr., and is authorized to represent that he opposes this motion.

WHEREFORE, the remaining state court claim being better suited for trial before the Florida State court from which the action was removed, this action should be remanded.

Respectfully submitted,

| KAREN A. GIEVERS, P.A. | WASSON & ASSOCIATES, CHARTERED |
|---|---|
| 524 East College Avenue | Suite 450, Gables One Tower |
| Suite One | 1320 South Dixie Highway |
| Tallahassee, Florida 32301 | Miami, Florida 33146 |
| (850) 222-1961 Telephone | (305) 666-5053 Telephone |
| (850) 222-2153 Facsimile | (305) 666-0010 Facsimile |
| *kgievers@karengievers.com* | *annabel@wassonandassociates.com* |

By:  s/Karen A. Gievers
KAREN A. GIEVERS
Florida Bar No. 262005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing were served by CM/ECF electronic service upon the attached counsel list on this the 20th day of May, 2008.

By:  s/Karen A. Gievers
KAREN A. GIEVERS
Florida Bar No. 262005

## COUNSEL LIST

**Counsel for Plaintiff**
Karen Gievers
Karen Gievers, P.A.
524 E. College Avenue
Suite One
Tallahassee, FL 32301
(850) 222-1961 Telephone
(850) 222-2153 Facsimile
*kgievers@karengievers.com*

Roy D. Wasson and
Annabel C. Majewski
Wasson & Associates, Chartered
5901 SW 74th Street, Suite 205
Miami, Florida 33143
(305) 666-5053 Telephone
(305) 666-0010 Facsimile
*roy@wassonandassociates.com*
*annabel@wassonandassociates.com*

**Counsel for Defendant**
John M. Green, Jr.
John M. Green, Jr., P.A.
Counsel for Defendant
125 NE 1st Avenue
Suite 2
Ocala, FL 34470-6675
(352) 732-9252 Telephone
(352) 732-7915 Facsimile
*jmg@jgreenattorney.com*