UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CINDY McGOUGH, as Personal
Representative of the Estate
of HERMAN B. TUCKER, deceased,

      Plaintiff,

v.

CASE NO.: 5:06cv-364-WTH-GRJ

MARION COUNTY; ED DEAN, individually
and in his official capacity as
SHERIFF OF MARION COUNTY;
FRED LATORRE, individually and in
his official capacity; PAUL
LAXTON, in his individual and
official capacity; KEVIN DAHMEN,
in his individual capacity;
PRISON HEALTH SERVICES, a foreign
corporation; JOHNNIE GALLEMORE;
DENISE FOX; DANA EWELL; ANTENEH ADDISU;
AARON SCOGGINS; and ALBERT WILLISON,

      Defendants.
_____/

PLAINTIFF'S
MOTION TO STRIKE
DEFENSES AND NOTICE
OF AVOIDANCE OF
<u>AFFIRMATIVE DEFENSES</u>
(Memorandum of Law
Included)

      Pursuant to Rule 12(f), Federal Rules, the Defendant Dean's Second, Third and Fifth affirmative defenses, seeking a reduction in Defendant's proportionate share of the liability by virtue of the fault of unidentified third parties.  As grounds, Plaintiff states that the Defendant has failed to properly identify such third parties allegedly at fault in the circumstances giving rise to this lawsuit, and has failed to present any evidence of the nature in which any such third party was at fault, resulting in damage to the Plaintiff.  Plaintiff also gives notice of avoidance, of the other affirmative defenses.

      In support of this motion, the Plaintiff relies upon

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

the following memorandum of law.

### DEFENDANT DEAN'S SECOND, THIRD AND FIFTH AFFIRMATIVE DEFENSES SHOULD BE STRICKEN UNDER FABRE V. MARIN

The Defendant, in its second, third and fifth affirmative defenses, has alleged:

> 2. In the event that Plaintiff asserts negligence or any failure by Prison Health Services, Inc., or any of its agents, servants or employees to provide proper medical care or treatment, such parties would be appropriate Fabre defendants, appearing by separate entries on the verdict form, and Sheriff Dean would be entitled to a setoff for any negligence attributed to such entity or individuals as provided by the law of the State of Florida.
>
> 3. If any negligence existed in the medical or mental health care and treatment rendered to decedent, such negligence was as a result of the actions of third parties over which this Defendant had no control and who were independent contractors to this Defendant.
>
> 5. Plaintiff's injuries, if any, were the result of misconduct of superseding, intervening third parties not before this Court and no actions of this Defendant directly and/or proximately caused or contributed to the injuries and damages alleged.

However, nowhere in Defendant Dean's answer and affirmative defenses does he identify – either by name or by description – any non-party to the litigation contended to be at fault.

Further, in its answers to an interrogatory, specifically asking about the affirmative defenses Defendant Dean stated:

> Affirmative Defense No. 2. See F.S. § 768.76 and case law interpreting said statute. Discovery is ongoing.

2

<u>Affirmative Defense No. 3.</u>  The acts of Herman B. Tucker caused or contributed to his death. See Marion County Sheriff's Office report number 02037249.  Further Plaintiff's complaint lists many third parties whom they contend were at fault.  See Complaint.  Discovery is ongoing.

<u>Affirmative Defense No. 5.</u>  Self explanatory.

Further, in the Defendant's affirmative defense under <u>Fabre v. Marin</u>, 623 So.2d 1182 (Fla. 1983) Defendant Dean does not set forth the facts relied upon which, if established, would constitute negligence on the part of any non-party to this litigation.  Finally, nowhere in the court file is there any identification of such a non-party or description of that non-party's alleged negligence.

This Court should grant Plaintiff's motion to strike on the three affirmative defenses in question and preclude Defendant Dean from seeking to place any non-party on the jury verdict form because "[f]or a non-party to be included on a verdict form, . . . the defendant must plead the non-party's negligence as an affirmative defense."  <u>Basel v. McFarland & Sons, Inc.</u>, 815 So.2d 687, 691 & n.1 (Fla. 5th DCA 2002).

In pleading the non-party's negligence, the Defendant must do more than simply assert that some unidentified third party was at fault in some unexplained way.  There are two important elements within that pleading requirement.  In <u>Nash v. Wells Fargo Guard Service, Inc.</u>, 678 So.2d 1262 (Fla. 1996), the Florida Supreme Court held that "in order to

include a non-party on a verdict to pursuant to <u>Fabre</u>, the defendant must plead as an affirmative defense [1] the negligence of the non-party and [2] **specifically identify** the non-party." Id. at 1264 (emphasis added).

The <u>Nash</u> pleading requirement is so stringently enforced that a defendant may not seek to have a non-party placed on the verdict form who formerly was a defendant, but who has been dropped from the lawsuit by the plaintiff. See <u>Bogosian v. State Farm Mut. Auto Ins. Co.</u>, 817 So.2d 968 (Fla. 3d DCA 1998). The defendant has the burden of pleading the identity of any <u>Fabre</u> defendant, and "in the absence of a pleading creating fair notice, the plaintiff ha[s] no opportunity to plan a defense or gather evidence and witnesses in opposition to" the defense in question. Id. at 971.

Not only must a defendant specifically identify the non-party alleged to be at fault and negligent conduct in its answer, defendants have the burden of proving the fault of a non-party. See <u>Thomas v. Daniel</u>, 736 So.2d 100, 101 (Fla. 1st DCA 1999)("defendant seeking to raise third-party liability must not only plead the non-party's negligence as an affirmative defense, but must also specifically identify the non-party and **prove the non-party's fault**.")(emphasis added).

Defendant Dean's pleadings and interrogatory answers in this case fail to properly set forth any fact that would

4

satisfy the burden and constitute fault of a non-party. The Defendant AFC has met neither part of its burden in the present case, so this motion should be granted and summary judgment be entered against the Defendant on the *Fabre* affirmative defense.

Notice Of Plaintiff's Avoidances To<br>Defendant Dean's Affirmative Defenses

In reply to the affirmative defenses asserted by Defendant Dean, Plaintiff states:

    1. Each affirmative defense is expressly denied.

    2. In further reply to the second affirmative defense, Plaintiff says that said contentions are not an accurate statement of Florida law, particularly given the fact that any "agents, servants or employees" of Prison Health Services are in fact agents of Defendant Dean, who is vicariously liable for their negligence [apart from those medical negligence issues previously addressed by the Court]. Further, said contentions do not accurately state Florida law with respect to parties to be included on the verdict form and, in fact, the pleading is legally insufficient failing to meet the *Fabre* requirements. Further, Defendant Dean waived or is estopped to assert said claims by the conduct of his office.

    3. In further reply to the third defense, Plaintiff says that said allegations do not constitute a cognizable

defense and should be stricken, and further says that said contentions are not an accurate statement of Florida law.

4. In further reply to the contentions in paragraph four, Plaintiff says that said defense has been waived by the Florida Legislature and by Defendant Dean's own conduct.

5. In further reply to the defense in paragraph five, said contentions are legally insufficient to state a cognizable defense and should be stricken. Further, Plaintiff says that Defendant Dean waived or is estopped to assert said defense, by virtue of his conduct under the circumstances in the case at bar.

6. In further reply to the contentions in paragraph six, Plaintiff says that said contentions do not constitute a cognizable defense and further says that even if they did, said contentions are unavailing for this Defendant by virtue of the improper conduct, including waiver and estoppel.

7. In further reply to the contentions in paragraph seven, said allegations are legally insufficient and are not an accurate statement of Florida law, as the negligence of the Defendant was operational, not planning level discretionary activity.

8. In further reply to the contentions in paragraph eight, Plaintiff says that said allegations are not an accurate statement of Florida law and that Plaintiff is

entitled to have the jury award the full amount of his damages following which Plaintiff will be able to collect the first $200,000.00 without legislative action, and the balance upon passage of the claim bill. Further, Defendant Dean waived or is estopped to assert this defense because of the Defendant's non-compliance with the pleading requirements set forth not only in the Fabre case but in Section 768.81(3).

9. In further reply to the defenses in paragraph eleven, Plaintiff says that said contentions do not constitute a cognizable defense and further says that Defendant Dean waived or is estopped to assert said defenses by virtue of his conduct.

10. In further reply to the defenses in paragraph twelve, Defendant Dean waived or is estopped to assert said defenses by virtue of Defendant Dean's conduct and that of his agents.

11. In further reply to the contention in paragraph thirteen, Plaintiff says that said contentions do not state a pertinent cognizable defense, and should be stricken as immaterial.

12. In further reply to the contentions in paragraph fourteen, Plaintiff says that said claims are lacking in their requisite specificity and further says that Defendant Dean waived or is estopped to assert said defenses by his conduct

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

and that of his agents.

13. The undersigned has communicated with the office of defense counsel and is advised that Defendant does object to the granting of this motion.

### CONCLUSION

WHEREFORE, there being no genuine issue of material fact, and the Plaintiff being entitled to judgment as a matter of law on Defendant AFC's Fourth Affirmative Defense, this motion should be granted and partial summary judgment entered in favor of the Plaintiff be entered.

Respectfully submitted,

GIEVERS, P.A.
Counsel for Plaintiff

_____
KAREN GIEVERS
Fla. Bar No.: 262005
524 E. College Ave
Suite 2
Tallahassee, FL 32301
T - 850-222-1961
F - 850-222-2153

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed this 23rd day of May, 2008 to all parties on the service list.

_____
KAREN GIEVERS
Fla. Bar No.: 262005

**KAREN A. GIEVERS**
PROFESSIONAL ASSOCIATION

SERVICE LIST

George A. Lorenzo
Lorenzo & Tison, P.A.
Co-Counsel for Plaintiff
4601 North Armenia Avenue
Tampa, FL 33603
T - 813-998-9529
F - 813-998-9329

John M. Green, Jr.
John M. Green, Jr., P.A.
Counsel for Defendant MCSO
125 NE First Avenue
Suite 2
Ocala, FL 34470
T - 352-732-9252
F - 352-732-7915

Roy D. Wasson
Wasson & Associates
Co-Counsel for Plaintiff
5901 SW 74th Street
Suite 205
Miami, FL 33143
T - 305-666-5053
F - 305-666-0010

S. Renee Stephens Lundy
Dean, Ringers, Morgan & Lawton
Counsel for Defendant PHS
Capital Plaza I
Suite 1200
201 East Pine Street
Post Office Box 2928
Orlando, FL 32802
T - 407-422-4310
F - 407-648-0233

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION